# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Case No. 07-CV-01604-RPM-BNB

In re AMERICAN EQUITY ANNUITY
PRACTICES AND SALES LITIGATION

Defendants.

Master File No. CV 05-06735
(CAS)(MANx)
(pending in Central Dist. of California)

This Document Relates to: [All Actions]

---

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

---

WHEREAS, plaintiffs have filed actions in the United States District Court, Central District of California, Western Division, entitled Bernard McCormack v. American Equity Investment Life Insurance Company, American Equity Investment Service Company, and Estate Preservation Inc., Case No. CV 05-CV-06735 (AJWx) (the "McCormack Action) and Gust Anagnostis, Regina Bush, by and through Sharon Schipiour, as Power of Attorney of the Person and Estate of Regina Bush, the Estate of Lenice Matthews, by and through Executrix Mary Ann Maclean, and George J. Miller v. American Equity Investment Life Insurance Company, Addison Insurance Marketing Inc. (a.k.a. Gentry Group, Inc.), Family First Advanced Estate Planning and Group Legal Services, Inc., Case No. CV 06-388 CAS(MANx) (the "Anagnostis Action").

WHEREAS, on or about May 31, 2006, the McCormack Action and the Anagnostis Action were consolidated for purposes of pretrial and discovery proceedings and given the title In re American Equity Annuity Practices and Sales Litigation, Master File No. CV 05-6735(MANx) (the "California Action").

WHEREAS, as part of discovery proceedings in the California Action, plaintiffs served a

subpoena, issued from the United States District Court, District of Colorado (the "Court"), on non-party deponent Brokers Choice of America ("BCA") for the production of business records for use in the California Action.

WHEREAS, plaintiffs may seek additional discovery from BCA, such as the taking of testimony by oral deposition.

WHEREAS, in the course of responding to the subpoena or other discovery, BCA may be requested to produce information or documents that it contends contain confidential, proprietary and/or other information subject to confidential treatment under applicable law.

WHEREAS, the parties to the California Action, BCA and their respective counsel have agreed to keep confidential such information provided in discovery as set forth herein.

WHEREAS, Rule 26(c) and 45(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.

WHEREAS, BCA is not required by this Stipulation or Order to produce any information or documents protected from discovery by applicable law.

WHEREAS, this Stipulation supersedes any stipulations for confidentiality previously executed by the parties to the California Action and BCA regarding BCA's production of confidential information as set forth below.

NOW, THEREFORE, upon stipulation of the parties and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. This Stipulation and Order shall apply to all confidential documents, materials, and information produced by BCA, including without limitation, documents produced, deposition testimony, and other information disclosed by BCA, pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that BCA believes contains

LA/700525v1

-2-

trade secrets or other proprietary, confidential research, development, technical, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7)(hereinafter "CONFIDENTIAL INFORMATION").

2. Any information designated by a party as CONFIDENTIAL INFORMATION must first be reviewed by that party's attorney, and that designation must be based on a good faith belief that the information so designated constitutes CONFIDENTIAL INFORMATION or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

3. As used in this Stipulation and Order, "documents" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it, or order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on the California Action;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the California Action;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in the California Action;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

(g) To a non-party deposition or trial witness who the parties or their counsel reasonably believe has relevant knowledge or information and to that non-party witness' counsel; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall require such person to (a) execute an acknowledgement, in the form attached hereto as Exhibit "1," reciting that such person has read this Stipulation and Protective Order and promises to comply with its terms; and (b) to destroy or return to the attorney of record for BCA all copies, excerpts or summaries of the Confidential Information or any notes containing information derived therefrom, upon completion of review of such material by such person(s), or upon termination of this litigation, whichever occurs earlier. Proof of all signed acknowledgments shall be preserved by the counsel for the receiving party. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by BCA.

6. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except for preparation and trial of the aforementioned California Action.

7. Documents are designated as CONFIDENTIAL INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION and shall be subject to the provisions of this Stipulation and/or Protective

Order. When designation has been made during the course of a deposition, the court reporter shall thereafter bind the transcript into separate portions containing the non-CONFIDENTIAL and CONFIDENTIAL INFORMATION and the reporter shall place the following legend on the cover of the portions of the transcript containing the CONFIDENTIAL INFORMATION:

> "THE CONTENTS OF THIS TRANSCRIPT, OR PORTIONS THEREOF, ARE CONFIDENTIAL AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF, ANY PART OF THIS TRANSCRIPT CONTAINING CONFIDENTIAL INFORMATION IS A VIOLATION OF COURT ORDER."

9.  BCA or any other party to the California Action may designate portions of depositions as CONFIDENTIAL INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party so designating the information as CONFIDENTIAL INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Stipulation/Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION in accordance with this Protective Order. In connection

with a motion filed under this provision, the party designating the information as CONFIDENTIAL INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL INFORMATION.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL INFORMATION shall be returned to BCA, or the parties may elect to destroy the documents. Where the parties agree to destroy said documents, the destroying party shall provide BCA and all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. This Court shall have jurisdiction over any disputes regarding this Protective Order and over any alleged violation of the Protective Order by parties or non-parties as it relates to BCA's production of CONFIDENTIAL INFORMATION. The parties to the aforementioned litigation pending in California acknowledge that BCA will have the right to enforce this Protective Order in the District of Colorado and they consent to jurisdiction in the event that BCA alleges a violation of this Stipulation/Protective Order.

14. This Stipulation supersedes any stipulations for confidentiality previously executed by the parties to the California Action and BCA, regarding BCA's production of CONFIDENTIAL INFORMATION, as set forth above.

DATED: August 8, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
LORI BLITSTIEN
JOSHUA S. DAVIS
Attorneys for Non-Party Deponent
Brokers Choice of America, Inc.

LA/700525v1

-6-

DATED: August __, 2007                BONNET FAIRBOURN FRIEDMAN & BALINT

By:_____
    ANDREW S. FRIEDMAN
    Attorneys for Plaintiff

DATED: August 13, 2007                GORDON & REES LLP

By:_____
    D. CHRISTOPHER KERBY
    Attorneys for Defendants American Equity
    Investment Life Insurance Company and American
    Equity Investment Service Company

DATED: August __, 2007                BARTKO ZANKEL TARRANT & MILLER

By:_____
    KERRY L. DUFFY
    Attorneys for Defendant Addison Insurance
    Marketing Inc.

DATED: June __, 2007                  M W ROTH LAW OFFICES

By:_____
    MITCHELL W. ROTH
    Attorney for Defendant Estate Preservation, Inc.

Case 1:07-cv-01604-RPM-BNB   Document 7   Filed 09/18/07   USDC Colorado   Page 8 of 8

Case 1:07-cv-01604-RPM-BNB   Document 4   Filed 09/17/2007   Page 14 of 15
08/28/2007 09:48 FAX 4158581152    BARTKO,ZANKEL.......    ☒002/002

DATED: August __, 2007          BONNET FAIRBOURN FRIEDMAN & BALINT

                                By:_____
                                   ANDREW S. FRIEDMAN
                                   Attorneys for Plaintiff

DATED: August __, 2007          GORDON & REES LLP

                                By:_____
                                   D. CHRISTOPHER KERBY
                                   Attorneys for Defendants American Equity
                                   Investment Life Insurance Company and American
                                   Equity Investment Service Company

DATED: August __, 2007          BARTKO ZANKEL TARRANT & MILLER

                                By: /s/ Kerry Duffy
                                   KERRY L. DUFFY
                                   Attorneys for Defendant Addison Insurance
                                   Marketing Inc.

DATED: June __, 2007            M W ROTH LAW OFFICES

                                By:_____
                                   MITCHELL W. ROTH
                                   Attorney for Defendant Estate Preservation, Inc.


Dated this 18th of September 2007.

BY THE COURT:

/s/ Boyd N. Boland

**BOYD N. BOLAND**
**United States Magistrate Judge**